FILED
United States Court of Appeals
Tenth Circuit

October 1, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DENNIS STEBBINS,

Defendant-Appellant.

No. 10-3103
(D.C. No. 5:08-CR-40054-RDR-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Dennis Stebbins's plea agreement. The

defendant pleaded guilty to conspiracy to commit bank fraud and money

laundering, and was sentenced to 21 months' imprisonment. Pursuant to his plea

agreement, the defendant waived his right to appeal any matter in connection with

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

his prosecution, conviction or sentence, provided his sentence was within the statutory maximum authorized by law and within the advisory sentencing guideline range determined by the district court to apply. The defendant's sentence was below the statutory maximum and within the advisory guideline range. Nevertheless, the defendant filed a notice of appeal.

The government filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, the defendant, through counsel, does not offer any argument in opposition to the government's motion. We have reviewed the motion, the record and the defendant's response, and we conclude that the defendant's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See id*. at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM

-2-